# In the United States District Court
## for the
## Western District of Texas

| | | |
|---|---|---|
| ERIC BOTELLO, ET AL. | § | |
| | § | |
| v. | § | SA-10-CV-305-XR |
| | § | |
| COI TELECOM, LLC, ET AL. | § | |

## ORDER

On this day came on to be considered the following motions: Plaintiffs'
Motion to Certify Class and for Limited Discovery (docket no. 47); Defendants'
Motion to Stay or Abate (docket no. 54); Defendants' Motion to Dismiss
Plaintiffs' Amended Complaint Pursuant to Rule 12(B)(6) (docket no. 56);
Plaintiffs' Motion for Leave to Exceed Page Limitation and for Leave to File
Motion for Conditional Class Certification and Court-Authorized Notice (docket
nos. 57 and 58); Plaintiffs' Motion for Conditional Class Certification (docket no.
59); and Defendants' Motion to Bifurcate (docket no. 62).

## Background

Plaintiffs filed their Complaint on April 20, 2010.  In that Complaint they
allege that "Time Warner" contracted with "COI" to complete installations and
provide technical service to Time Warner residential and business customers.
Plaintiffs further allege that they were required to sign documents that
categorized them as "independent contractors."  They further allege that the true

relationship was an employment relationship, and that they are current employees (Field Service Technicians) or former FSTs of the Defendants. They allege that they were improperly classified as "independent contractors." Plaintiffs allege that Defendants violated the Fair Labor Standards Act (FLSA) by failing to pay overtime wages and that Defendants violated the Employee Retirement Income Security Act (ERISA) by denying them pension, health, disability and other benefits. They further bring claims of unjust enrichment, deceptive trade practices under the Texas DTPA, negligent misrepresentation, promissory estoppel and fraud.

On July 26, 2010, Plaintiffs filed their First Amended Complaint, wherein in paragraphs 29 through 65 they allege that despite the independent contractor designation, the Defendants controlled the manner and means by which they performed their job duties.

In summary, Plaintiffs were retained by COI to work as FSTs. They signed agreements with COI, wherein they were characterized as independent contractors. Various Time Warner Defendants contracted with COI to provide installation services for Time Warner customers. Plaintiffs are alleging that they were jointly employed by COI and the Time Warner Defendants.

### Plaintiffs' Motion to Certify Class and for Limited Discovery (docket no. 47)

In this motion, Plaintiffs request that the Court certify a class on their ERISA and unjust enrichment claims pursuant to Fed. R. Civ. P. 23. They seek certification of a class defined as follows:

2

All persons who: 1) entered or will enter into a written agreement with COI Telecom in which such persons were referred to as "contractors," "subcontractors" or "independent contractors"; 2) performed installation and technical services for Time Warner customers on a full time basis (meaning exclusive of time off for commonly excused employment absences) within the class period; and 3) were eligible for ERISA plan benefits absent their mischaracterization as independent contractors and defendants' failure to compensate them from payroll funds and issue them an IRS form W-2 annually.

Plaintiffs ask the Court to certify a class on their Unjust Enrichment claim defined as follows:

All persons who: 1) entered or will enter into a written agreement with COI Telecom in which such persons were referred to as "contractors," "subcontractors" or "independent contractors"; and 2) performed installation and technical services for Time Warner customers on a full time basis (meaning exclusive of time off for commonly excused employment absences) since 4/20/2008.

Plaintiffs argue that the Rule 23 elements are satisfied in this case. Namely, the class members are so numerous that joinder is impractical, questions of law and fact are common to the class, the individual plaintiffs' claims are typical of those of absent class members and that the named Plaintiffs are fair and adequate representatives.

It is Ordered that the Defendants file a response to this motion no later than October 25, 2010.

## Time Warner Defendants' Motion to Stay or Abate (docket no. 54)

Citing section 17.505 of the Texas DTPA, these Defendants argue that Plaintiffs failed to provide them with the requisite 60 day notice prior to filing their lawsuit. Accordingly, pursuant to the Texas statute they seek abatement. Plaintiffs respond that they provided the DTPA notice on August 10, 2010 and

accordingly the sixty-day period will expire effective October 12, 2010. In their response (docket no. 60), Plaintiffs essentially concede that the DTPA claim should be abated until such time, but that this case should move forward with regard to their FLSA claim and their request for class certification.

In light of the dismissal of the DTPA claims against the Time Warner Defendants as discussed below, this motion is DENIED as moot.

### Defendants' Motion to Dismiss
### Plaintiff's Amended Complaint (docket no. 56)

The Time Warner Defendants have filed a motion to dismiss certain claims pursuant to Fed. R. Civ. P. 12(b)(6).[1]  Specifically, they argue: (1) Plaintiffs' ERISA claim is speculative because they fail to identify any specific ERISA plan in which they were a participant; (2) Plaintiffs' ERISA claims should be dismissed because Plaintiffs have failed to exhaust their administrative remedies; (3) Plaintiffs' state law claims are preempted by the FLSA; (4) Plaintiffs' unjust enrichment claim fails because the services at issue were governed by express contracts; (5) Plaintiffs' assertion (under any state law theory) of entitlement to "retirement plan contributions" is preempted by ERISA;

---

[1] If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id.* Courts may look only to the pleadings in determining whether a plaintiff has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. Fed. R. Civ. P. 12(d). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556.

(6) Plaintiffs' fraud claims are vague and conclusory; (7) Plaintiffs' claims under promissory estoppel fail to allege any promise imputable to the Time Warner Defendants; (8) Plaintiffs' DTPA claims fail because the Plaintiffs have failed to allege that they purchased anything from the Time Warner Defendants.

The Court has reviewed the Plaintiffs' response (docket no. 63).  The Court now analyzes each of the Defendants' arguments.

1.     With regard to Defendants' argument that the Plaintiffs' ERISA claim is speculative because the amended complaint fails to identify any specific ERISA plan in which they were a participant, the Court finds that the claim is not vague and should not be dismissed.  Plaintiffs allege that the Time Warner Defendants serve as a sponsor of an ERISA plan (¶ 26), that Defendants have improperly classified FSTs as independent contractors (¶ 25), they should be classified as employees of the Defendants (¶68), and because of the improper classification they are being denied ERISA benefits (¶ 79). Plaintiffs allege that the Time Warner Defendants do actually classify some FSTs as their employees (¶ 68).  It is abundantly clear that Plaintiffs are arguing that they should be entitled to receive the same ERISA benefits as the Time Warner Defendants offer to the FSTs they do characterize as employees (¶ 86).

2.     Defendants argue that Plaintiffs' ERISA claims should be dismissed because Plaintiffs have failed to exhaust their administrative remedies. Plaintiffs argue that they have made various requests to the Time Warner Defendants requesting plan documents and information, that the Defendants have refused to provide the information, and that exhaustion is futile and they

5

should be excused from this requirement on that basis.  The Court agrees with Plaintiffs.  The Time Warner Defendants argue that the Plaintiffs are not (and were not) their employees.  Accordingly, they argue that these Plaintiffs are not eligible to participate in whatever ERISA plans they offer to their employees. Requiring the Plaintiffs to fully exhaust under these circumstances is futile. *See Muller v. American Management Ass'n Intern.*, 315 F. Supp.2d 1136, 1140 (D. Kan. 2003).  Defendants' motion to dismiss on this ground is denied.

3.      Defendants seek dismissal of Plaintiffs' state law claims as being preempted by the FLSA.  Defendants are not specific as to which state law claims they believe should be dismissed.  The Court assumes that they are arguing that Plaintiffs' unjust enrichment claim (Count II) should be dismissed. In Count II, Plaintiffs allege that Defendants have failed to "indemnify or reimburse" them "for the excess hours they have worked...."

This Court adopts the reasoning set forth in *Guerrero v. JPMorgan Chase & Co.*, 2010 WL 457144 (E.D. Tex. 2010).  In that case, the Court stated, in part, the following:

> The Fifth Circuit has not issued a published opinion concerning whether the FLSA pre-empts state law claims-such as contract, quantum meruit and unjust enrichment claims-that are premised on an alleged violation of the FLSA. In *Anderson v. Sara Lee Corporation*, 508 F.3d 181 (4th Cir. 2007), the Fourth Circuit considered whether conflict pre-emption would displace state law claims for contract, negligence and fraud. The Court noted that the state law claims at issue required essentially the same proof as the FLSA claim and that the plaintiffs were invoking state law as a source of remedy for alleged FLSA violations. *Id.* at 193. Further, the Court recognized that the FLSA does not explicitly authorize states to create alternative remedies for FLSA violations. *Id.* The

Court stated that "in the FLSA Congress manifested a desire to exclusively define the private remedies available to redress violations of the statute's terms" and held that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates." *Id.* at 194 (*citing Kendall v. City of Chesapeake*, 174 F.3d 437, 443 (5th Cir. 1999) and *Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) (finding that a plaintiff cannot circumvent the exclusive remedy for enforcement of rights created under the FLSA and prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim)). The Court held that the plaintiffs' FLSA-based contract, negligence and fraud claims were precluded by conflict pre-emption under a theory of obstacle pre-emption. *Id.* In other words, the Court found that the state law claims were an obstacle to the accomplishment of the full purposes and objectives of Congress in the FLSA.

The reasoning by the Fourth Circuit is applicable to this case. The present case is similar to *Anderson* in that the state law claims are duplicative of the FLSA claim that is asserted. The complaint does not assert state law claims wholly aside from or independent of the FLSA. Rather, Plaintiff is seeking relief under state law theories of recovery for Defendant's alleged violation of the FLSA. That is, Plaintiff's state law claims are predicated on Defendant's alleged failure to compensate him for hours worked in excess of 40 hours; a requirement imposed by the FLSA. The FLSA provides the exclusive remedy for violation of its mandates and pre-empts Plaintiff's FLSA-based state law claims. Plaintiff's claims for quantum meruit, unjust enrichment and breach of contract should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

*Guerrero v. JPMorgan Chase & Co.*, 2010 WL 457144 at *3-4.

In summary, a plaintiff could potentially bring an overtime claim under a state statute that mirrors the FLSA and such a claim may not be preempted. However, a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA. Defendants' motion to dismiss Plaintiffs' unjust enrichment claim as it relates to any claim of failure to pay minimum wages or overtime under the FLSA is GRANTED. Defendants' motion to dismiss

all other state law claims as preempted, however, is DENIED at this time. The Defendants may re-urge this part of their motion after discovery and briefing is completed.

4.      Defendants also seek dismissal of Plaintiffs' unjust enrichment claim arguing that because the services at issue were governed by express contracts, they are precluded from bringing an unjust enrichment claim.

A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). When a valid, express contract, however, covers the subject matter of the parties' dispute, there generally can be no recovery under a quasi-contract theory. *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) ("A party generally cannot recover under quantum meruit when there is a valid contract covering the services or materials furnished.").

In their amended complaint, Plaintiffs argue that Defendants have failed to indemnify or reimburse them for not only overtime hours, but expenses such as insurance coverage, vehicle maintenance, fuel, uniforms, and tools. The Plaintiffs further allege that they were incorrectly characterized as independent contractors. In summary, Plaintiffs are alleging that the agreement they signed was not a valid agreement because it violates the FLSA and ERISA by wrongly characterizing the relationship as an independent contractor arrangement, rather than an employment relationship. Inasmuch as Defendants' argument

8

is contingent upon a valid agreement being in place, and Plaintiffs argue that they were employees, Defendants' motion to dismiss this claim is DENIED.

5.   Defendants argue that Plaintiffs' assertion (under any state law theory) of entitlement to "retirement plan contributions" is preempted by ERISA. Plaintiffs concede this point in footnote 8 of their Response as to their unjust enrichment claim.   It appears that Plaintiffs have only specifically raised retirement plan contributions in their unjust enrichment claim, however, ERISA preemption applies to all of Plaintiffs' state law theories to the extent they seek damages premised upon ERISA plans.   Defendants' motion to dismiss on this ground is GRANTED.

6.   Defendants argue that Plaintiffs' fraud claims are vague and conclusory.   In Paragraph 91 of their amended complaint, Plaintiffs allege: "Defendants knowingly represented to Plaintiffs that they would be independent contractors, would work 8-10 hours a day, have two days off a week, that they would be their own boss, and do want they wanted.   Employees and representatives from Defendants including, but not limited to, Wes McDonnell, Anthony Garcia and Chris Allen, made these statements, knew they weren't true, made them at the COI and Time Warner facilities, prior to Plaintiffs entering into any agreements with Defendants to be 'independent contractors.' Plaintiffs relied upon these statements to their detriment."

In *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009), the Fifth Circuit stated: "In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless

fraud claims sooner than later.  We apply Rule 9(b) to fraud complaints with "bite" and "without apology," but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading.   Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after *Twombly* must make relief plausible, not merely conceivable, when taken as true."  *Id.* at 185-186.   The elements of a fraud claim in Texas are straightforward.  *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) ("The elements of fraud are: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *(quoting In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

Here, Plaintiffs have met their Rule 9(b) burden and alleged who made the alleged false statements, and when and where the statements were made. Plaintiffs also allege that the speakers were employees or representatives of Defendants.  Accordingly, Plaintiffs are alleging that these individuals were acting on behalf of the Time Warner Defendants.  Plaintiffs allege they were injured by incurring expenses they would not have been subjected to if they were properly classified as employees.  Defendants' motion to dismiss is DENIED.

The Time Warner Defendants appear to argue that these individuals were not authorized to make any representations on their behalf.  That argument, however, cannot defeat a motion to dismiss.

7.      Defendants argue that Plaintiffs' claims under promissory estoppel fail to allege any promise imputable to the Time Warner Defendants and the claim should be dismissed.  For the reasons stated above, Defendants' motion to dismiss is DENIED.

8.      Defendants also seek dismissal of Plaintiffs' DTPA claims arguing that Plaintiffs have failed to allege that they purchased anything from the Time Warner Defendants.

In paragraph 88 of their amended complaint, Plaintiffs allege that the Time Warner Defendants supplied COI with various items (meters, phones and phone service) and COI in turn "forced" Plaintiffs to purchase the items.  The Plaintiffs further allege that the Time Warner Defendants required Plaintiffs to attend "mandatory uncompensated training sessions, by Time Warner, on the goods and services that Defendants required Plaintiffs to purchase from them."  Plaintiffs allege that these actions violated the DTPA because Defendants represented that their goods and services had characteristics they did not have and Defendants performed "unconscionable acts" against Plaintiffs.

Plaintiffs' pleadings are clear that they are alleging COI sold them the meters, phones and phone services.  Accordingly, Plaintiffs are not consumers who purchased any good or service from the Time Warner Defendants.  In addition, although not raised by the Defendants, the Court notes that the

Plaintiffs do not allege that the meters, phones or phone service were in any way defective. Plaintiffs also do not allege what representations were made about the meters, phones or phone service and how these representations were inaccurate. Finally, Plaintiffs do not allege what was allegedly unconscionable behavior. Defendants' motion to dismiss on this issue is GRANTED, however, Plaintiffs may amend their complaint (if they can do so consistent with Fed. R. Civ. P. 11) in an attempt to cure the above deficiencies.

In light of the dismissal of Plaintiffs' DTPA claim, the Time Warner Defendants' complaint about Plaintiffs' failure to comply with the statutory pre-notice is moot.

## Plaintiffs' Motion for Leave to Exceed Page Limitation and for Leave to File Motion for Conditional Class Certification and Court-Authorized Notice (docket nos. 57 and 58)

In this motion Plaintiffs merely seek leave to file a motion for conditional class certification in excess of any page limitations. The motion is GRANTED. This ruling merely grants Plaintiffs the ability to file their motion for conditional class certification.

## Plaintiffs' Motion for Conditional Class Certification (docket no. 59)

Plaintiffs have filed this Motion for Conditional Class Certification and for Notice of Putative Class Members requesting that this Court allow the suit to proceed as a collective suit pursuant to the FLSA, and allow them to receive the names, addresses, and telephone numbers of the potential class members of the past three years in order to efficiently distribute the

12

suggested notice.

This Court applies the two-step approach of *Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), in regard to giving notice to putative class members. *Bernal v. Vankar Enterps., Inc.*, No. SA-07-CA-695-XR, 2008 WL 791963, at *3 (W.D. Tex.  Mar.24, 2008); *Neagley v. Atascosa County EMS,* No. SA-04-CA-893-XR, 2005 WL 354085, at *3 (W.D. Tex.  Jan.7, 2005).  At the first stage, the Court determines whether or not to send notice of the action to potential class members.  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).  To make this determination, the Court should look only to the pleadings and affidavits. *Id.* at 1214.  The "decision to create an opt-in class under § 126(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the District Court." *Wajcman v. Hartman & Tyner, Inc.*, No. 07-61472-CIV, 2008 WL 203579, at * 1 (S.D. Fla. Jan.23, 2008).  If the conditional certification is granted, the case continues through discovery as a representative action, and after discovery is completed, the defendant typically files a motion for decertification.  *Mooney*, 54 F.3 d at 1214.  At the second stage, the Court determines whether the putative class members are similarly-situated, and if they are, then the representative action can continue.  *Id.* If they are not similarly-situated, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *Id.*

The Time Warner Defendants object to Plaintiffs' motion arguing:   (1) the case against COI is stayed and so this motion has been prematurely filed; (2) because they filed a motion to dismiss and have not yet filed any answer the motion has been prematurely filed; and (3) a decision on class certification should be made only after the Court has decided whether the Plaintiffs were improperly classified as an independent contractor by COI.  If COI should have classified the Plaintiffs as employees, then the Court must still decide whether the Time Warner Defendants were the "joint employer" of the Plaintiffs.

Plaintiffs argue that they have met the lenient and "modest factual showing" that is required.

Plaintiffs have certainly met the "modest factual showing" with regards to COI.  The affidavits of the Plaintiffs declare that their work assignments were controlled by COI and Time Warner, the Plaintiffs were not permitted to negotiate any of the terms of service they would perform, the Plaintiffs were not permitted to perform any services other than those directed by Time Warner, nor could the Plaintiffs negotiate any charges for their services. Plaintiffs therefore make a plausible argument that they were improperly characterized as independent contractors and should have been classified as employees.[2]

---

[2] *See Cromwell v. Driftwood Elec. Contractors, Inc.*, 348 Fed. Appx. 57 (5th Cir. 2009) ("To determine if a worker qualifies as an employee under the FLSA, we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself. *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). To aid in that inquiry, we consider five non-exhaustive factors: (1) the degree of control

The question becomes more complicated with regard to the Time Warner Defendants.  They correctly argue that even if this Court later concludes that the Plaintiffs were employees of COI, that does not necessarily mean that the Time Warner Defendants were their "joint employer."[3]

The Defendants are ORDERED to respond to this motion no later than October 25, 2010.

### Defendants' Motion to Bifurcate (docket no. 62)

As stated above, the Time Warner Defendants seek bifurcation of this case and seek an adjudication on their "joint employer" status prior to any class action certification.  The motion is DENIED.  The Court is unconvinced that bifurcation will result in judicial or litigant resources being conserved.

---

exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id.* No single factor is determinative. *Id.*").

[3] Courts have considered several factors in determining whether a defendant entity qualifies as an "employer" within the meaning of the FLSA and no single factor is dispositive of an entity's "employer" status under the FLSA; rather, such status depends "upon the circumstances of the whole [employment] activity." *Itzep v. Target Corp.*, 543 F. Supp.2d 646 (W.D. Tex. 2008)(*citing Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947)).  The Fifth Circuit has long recognized that when determining whether a defendant corporation is an "employer" or "joint employer" under the FLSA, the totality of the employment situation must be examined with particular regard to the following five questions: (1) Whether or not the employment takes place on the premises of the company?; (2) How much control does the company exert over the employees?; (3) Does the company have the power to fire, hire, or modify the employment conditions of the employees?; (4) Do the employees perform a 'specialty job' within the production line?; and (5) May the employee refuse to work for the company or work for others?  *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968); *see also Itzep*, 543 F.Supp.2d at 653.  Because the determination of an employee's status for purposes of the FLSA tends to focus on the economic dependence and reality of the working relationship, the Fifth Circuit has also adopted the "economic reality" test which encompasses inquires into whether the purported employer: "(1) ha[d] the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (internal citations omitted); *see also Itzep*, 543 F.Supp.2d at 653.

**Conclusion**

The Time Warner Defendants shall file an answer to the amended complaint no later than October 15, 2010.

All parties shall participate in a Rule 26(f) conference no later than October 25,2010.  After the Court rules on docket numbers 47 and 59, the parties shall confer and propose a scheduling order.

With regard to Plaintiffs' Motion to Certify Class and for Limited Discovery (docket no. 47), no ruling is made.  The Defendants shall file a response to this motion no later than October 25,2010.

Time Warner Defendants' Motion to Stay or Abate (docket no. 54) is DENIED as moot.

Defendants' Motion to Dismiss Plaintiff's Amended Complaint (docket no. 56) is GRANTED in part and DENIED in part as stated above.

Plaintiffs' Motion for Leave to Exceed Page Limitation and for Leave to File Motion for Conditional Class Certification and Court-Authorized Notice (docket nos. 57 and 58) is GRANTED.

With regard to Plaintiffs' Motion for Conditional Class Certification (docket no. 59), no ruling is made.  The Defendants shall file a response to this motion no later than October 25,2010.

Defendants' Motion to Bifurcate (docket no. 62) is DENIED.

It is so ORDERED.

SIGNED this 21st day of September, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE