# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| ERIC BOTELLO, ET AL. | § | |
| | § | |
| v. | § | SA-10-CV-305-XR |
| | § | |
| COI TELECOM, LLC, ET AL. | § | |

## ORDER

On this day came on to be considered the Plaintiffs' motion for leave to file an amended complaint (docket no. 77).

## Background

1.   Original Complaint

Plaintiffs filed their Complaint on April 20, 2010. In that Complaint they allege that "Time Warner" contracted with "COI" to complete installations and provide technical service to Time Warner residential and business customers. Plaintiffs further allege that they were required to sign documents that categorized them as "independent contractors." They further allege that the true relationship was an employment relationship, and that they are current employees (Field Service Technicians) or former FSTs of the Defendants. They allege that they were improperly classified as "independent contractors." Plaintiffs allege that Defendants violated the Fair Labor Standards Act (FLSA) by failing to pay overtime wages and that Defendants violated the Employee

Retirement Income Security Act (ERISA) by denying them pension, health, disability and other benefits. They further bring claims of unjust enrichment, deceptive trade practices under the Texas DTPA, negligent misrepresentation, promissory estoppel and fraud.

2.   First Amended Complaint

On July 26, 2010, Plaintiffs filed their First Amended Complaint, wherein in paragraphs 29 through 65 they allege that despite the independent contractor designation, the Defendants controlled the manner and means by which they performed their job duties.

3.   Proposed Second Amended Complaint

In Plaintiffs' proposed Second Amended Complaint, it appears that an individual (Jeff Duncan) has been added as a plaintiff and that Time Warner Entertainment-Advance/Newhouse Partnership has been added as a defendant.

## Analysis

The Time Warner Defendants argue that they are prejudiced by the proposed addition of Mr. Duncan. They argue that the other plaintiffs worked in Corpus Christi, Texas and that Mr. Duncan worked in Austin. They also note that the other plaintiffs worked at times different than Mr. Duncan and that the "operations of COI and TWC have changed materially in the last two years."

The Court is not persuaded that the addition of Mr. Duncan would cause any hardship. The motion for class certification is still pending before the court and briefing is not yet complete. Alternatively, Defendants argue that Mr. Duncan's claims are subject to binding arbitration. However, Defendants did not

attach any arbitration agreement purportedly signed by Mr. Duncan in their opposition response. The defendants raise no arguments against the addition of the new defendant.

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (*quoting Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). There is no scheduling order in place in this case because of the disputes involved in Plaintiffs' request for class certification. Accordingly, when, as here, a party files a motion for leave before the expiration of any court-ordered deadline, there is a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb.7, 2002)

## Conclusion

Plaintiffs' motion for leave to file an amended complaint (docket no. 77) is GRANTED. The Clerk is directed to file the second amended complaint, which is attached to Plaintiffs' motion (doc. No. 77).

It is so ORDERED.

SIGNED this 18th day of November, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE